# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. NIX, | 1:08-cv-01635 DLB HC |
|     Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | [Doc. 1] |
| JAMES D. HARTLEY, Warden | |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 3.)

    Petitioner filed the instant petition on October 27, 2008. Petitioner contends that the practices of Avenal State Prison violate the Religious Land Use and Institutionalized Persons Act by failing to provide an adequate diet to accommodate his Muslim religious practice.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §

2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Petitioner concedes such on the petition by stating he is challenging jail or prison conditions.  (Petition, at 1.)  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Accordingly, it is HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

IT IS SO ORDERED.

Dated:   **November 18, 2008**              **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE